PRINCE W. PACKARD & another *vs.* THOMAS H. MATTHEWS.

Service of a writ by attaching real estate, and leaving a summons at the last and usual place of abode, of a defendant who is out of the Commonwealth, and not a resident thereof, is not sufficient to warrant a judgment against him, without further notice according to the Rev. Sts. *c.* 92, § 3.

Cn the reversal by writ of error of a judgment of the court of common pleas for omission to give further notice according to the Rev. Sts. *c.* 92, § 3, this court has no power, under *c.* 82, § 2), to order such notice, but must enter a general reversal.

WRIT OF ERROR to reverse a judgment of the court of common pleas in favor of the defendant in error in a personal action brought by him against the plaintiffs in error. The errors assigned were, " that both the defendants in said suit were out of the Commonwealth at the time of the service of the summonses in said suit ; that both said defendants were, at the said time, and have hitherto been, resident without the said commonwealth ; that no notice, sufficient in law, of the commencement or pendency of said suit was given to the defendants, or either of them, before the rendition of judgment therein ; that judgment in said suit was rendered upon the default of said defendants at the term of court to which the writ in said suit was returnable, and without appearance by the defendants, or in their behalf." Plea, *in nullo est erratum,* upon which issue was joined.

The service made in the original action, as shown by the officer's return, was by a general attachment of all the defendant's real estate in Dukes County, and leaving a summons for each of them " at their last and usual place of abode, they being out of the Commonwealth at that time."

Trial before *Thomas,* J., who allowed a bill of exceptions, which after reciting the pleadings, and the officer's return in the original action, concluded thus : " The parties went to the jury upon the issue presented by the assignment of errors, plea and joinder, the presiding judge interposing no objection. The jury returned a verdict for the plaintiffs in error. No other service was made before default and judgment than that indicated in the officer's return. The presiding judge thereupon ordered that

the judgment be reversed, and that such entry be made on the docket. The defendant in error, feeling himself aggrieved by such decision and order, excepts thereto."

*J. C. Stone*, for the defendant in error. The finding of the jury, that the plaintiffs in error were in fact resident out of the Commonwealth at the time of the service of the original writ, is not conclusive of their right to have the judgment. Even if the plaintiffs were at the time of the service of the original writ actually resident in another state, the service was sufficient upon which to found a judgment: because the attachment gave the court jurisdiction. Rev. Sts. *c.* 90, § 44. *Morrison* v. *Underwood*, 5 Cush. 52. The words " out of the State " in §§ 44–48 must be interpreted to mean " resident out of the Commonwealth ; " and these sections must be construed in connection with § 3 of *c.* 92, to which they in terms·refer, and the various clauses of which cannot be taken disjunctively, but " or " must be taken to mean " and " in order to harmonize the provisions of the various sections.

The service required by the Rev. Sts. *c.* 90, § 45, at the defendant's last and usual place of abode, if he is out of the State, is not for the purpose of giving the court jurisdiction ; for the attachment gave that. See *Tilden* v. *Johnson*, 6 Cush. 354. The return of the officer does not show that the plaintiffs in error were in point of fact resident out of the Commonwealth ; and therefore no further notice was required under this section.

But if such notice was required, this court may now order it, under their power to render such judgment as the court of common pleas should have rendered. Rev. Sts. *c.* 82, § 20.

*T. M. Stetson*, for the plaintiffs in error, cited Rev. Sts. *c.* 90, § 48; *c.* 92, § 3; *Lee* v. *Boston*, 2 Gray, 490 ; *Bodurtha* v. *Goodrich*, 3 Gray, 508; *Downs* v. *Fuller*, 2 Met. 135; *Leonard* v. *Bryant*, 11 Met. 370, and 2 Cush. 35.

DEWEY, J. The facts stated in the assignment of errors having been found by the jury, the entry of a reversal of the judgment in favor of the defendant in error was correct. The cases of *Downs* v. *Fuller*, 2 Met. 135, and *Leonard* v. *Bryant*, 11 Met. 370, and 2 Cush. 35, seem to have settled the construction of

Rev. Sts. *cc.* 90 and 92, as to the service of writs, so far at least, that where the defendant is out of the Commonwealth at the time of the service, and not an inhabitant or resident thereof, and the only service made is by attaching real estate, and leaving a summons at the defendant's last and usual place of abode, the defendant is, in addition to such service, entitled to such further notice, and continuance of the action, as is provided in *c.* 92, § 3. -

The reversal in a case like the present must be general, as this court cannot now make such order as the court of common pleas ought to have done. Had it been a judgment for a greater sum than it ought to have been, or error of that kind, the court might now render such judgment as the court of common pleas should have rendered. Rev. Sts. *c.* 82, § 20.

*Judgment of reversal affirmed.*